UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JORDAN A. THOMAS,<br><br>        Plaintiff,<br><br>        v.<br><br>SECURITIES AND EXCHANGE COMMISSION; GARY GENSLER, in his official capacity as Chair of the U.S. Securities and Exchange Commission.<br><br>        Defendants. | Docket No. 1:21-CV-108 |

## JOINT MOTION TO STAY

Plaintiff Jordan A. Thomas and Defendants the Securities and Exchange Commission and Gary Gensler, in his official capacity as Chair of the Commission, jointly move the Court to stay this case pending new developments that may substantially narrow or eliminate the issues raised in the Complaint. On August 2, 2021, Chair Gensler directed Commission staff to prepare for the Commission's consideration later this year potential revisions to the whistleblower rule amendments challenged by Plaintiff in this litigation. The parties have conferred and, in light of the Chair's statement and a related statement by the Commission, agree it is in the interest of efficiency for the Court to stay these proceedings.

1

1.     On September 23, 2020, by a vote of 3-2, the Commission adopted amendments to, among other rules, Commission Rule 21F-3(b)(3), 17 C.F.R. § 240.21F-3(b)(3), promulgated under the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 21F-6 ,17 C.F.R. § 240.21F-6, also promulgated under the Exchange Act, the two rules at issue in this matter.  *See* Commission Adopting Release for Whistleblower Program Rules, 85 Fed. Reg. 70,898 (Nov. 5, 2020).[1] The rules became effective December 7, 2020.  *Id.*

2.     On January 13, 2021, Thomas filed this action to challenge the September 2020 amendments to Rules 21F-3(b)(3) and 21F-6, advancing various substantive and procedural challenges to the amended rules.

3.     On March 17, 2021, Defendants filed an unopposed motion to extend the time to file an answer or otherwise respond to the Complaint to May 21, 2021.  The Court granted that motion on March 19, 2021.

4.     Chair Gensler was confirmed by the Senate on April 14, 2021.

5.     On May 19, 2021, the parties filed a joint proposed briefing schedule.  In the proposed briefing schedule, the parties agreed that the case could be resolved by cross-motions for summary judgment.  The parties proposed that (i) Plaintiff's

---

[1] For additional background about the SEC's whistleblower award program and the two amended rules that are the subject of this lawsuit, *see* U.S. Securities and Exchange Commission, Statement Regarding Agency Procedures Related to Amended Whistleblower Rules (Aug. 5, 2021), available at https://www.sec.gov/rules/policy/2021/34-92565.pdf, at 2-4 (setting forth relevant background information).

opening brief in support of his motion for summary judgment would be filed no later than August 10, 2021; (ii) Defendants' responding brief in opposition to Plaintiff's motion for summary judgment and in support of Defendants' cross-motion for summary judgment would be filed no later than September 24, 2021; and (iii) Plaintiff's reply brief in support of their motion for summary judgment and in opposition to Defendants' cross-motion for summary judgment would be filed no later October 22, 2021.

6.      Neither party has filed any brief on their cross-motions for summary judgment, nor has the Court scheduled oral argument on the cross-motions.

7.      On August 2, 2021, Chair Gensler issued a statement in connection with the SEC's whistleblower program. In it he explained:

> Various members of the whistleblower community, as well as Commissioners Lee and Crenshaw, have expressed concern that two of these amendments could discourage whistleblowers from coming forward. One of these amendments would preclude the Commission in some instances from making an award in related enforcement actions brought by other law-enforcement and regulatory authorities if a second, alternative whistleblower award program might also apply to the action [Rule 21F-3(b)]. The second amendment could be used by a future Commission to lower an award because of the size of the award in absolute terms [Rule 21F-6].

U.S. Securities and Exchange Commission Chair Gary Gensler, Statement in Connection with the SEC's Whistleblower Program (Aug. 2, 2021), *available at*

https://www.sec.gov/news/public-statement/gensler-sec-whistleblower-program-2021-08-02.

8.  Chair Gensler directed the Commission staff to prepare for the Commission's consideration later this year potential revisions to these two rules that would address the concerns that these recent amendments discourage whistleblowers from coming forward.  *Id.*  The staff was directed to consider, in particular, "whether our rules should be revised to permit the Commission to make awards for related actions that might otherwise be covered by an alternative whistleblower program that is not comparable to the SEC's own program, and to clarify that the Commission will not lower an award based on its dollar amount."  *Id.*

9.  On August 5, 2021, the Commission issued a Statement Regarding Agency Procedures Related to Amended Whistleblower Rules, *available at* *https://www.sec.gov/rules/policy/2021/34-92565.pdf*.  In this Statement, the Commission explained that, in September 2020, it "adopted various amendments to the Whistleblower Program rules, including two amendments that whistleblower advocates and others have asserted are unfair to whistleblowers and may risk reducing the willingness of individuals to blow the whistle. These amendments were made to: (1) Exchange Act Rule 21F-3, which addresses the criteria for making an award based on a whistleblower's contributions to the successful

resolution of a related action; and (2) Exchange Act Rule 21F-6, which establishes the criteria that the Commission may consider when determining the appropriate award amount." *Id.*

10. The Commission's Statement explained that, in light of Chair Gensler's August 2, 2021 statement and "[w]hile the staff is preparing and the Commission is considering potential additional rulemaking, [certain procedural or exemptive requests of the Commission—including that matters be held in abeyance until rulemaking is complete—]are available to whistleblowers with claims pending during the Interim Policy-Review Period so that they are not disadvantaged under the components of Rule 21F-3(b)(3) and Rule 21F-6 that may be revised." *Id.*

11. Further regulatory action on the items Chair Gensler has directed staff to consider revisiting could substantially narrow or moot some or all of Plaintiff's claims. Moreover, staying this case will conserve judicial resources and the resources of the parties.

12. In light of the Chair's and the Commission's statements and in the interest of economy of time and effort for the Court and for litigants, it is appropriate to stay this action to allow for the resolution of the Commission's rulemaking.

13. The parties therefore jointly move the Court to stay this action until the earlier of February 5, 2022, or the promulgation of final rule amendments addressing Rule 21F-3(b)(3) and Rule 21F-6. If this motion is granted, the parties

will promptly report to the Court about the status of the rulemaking at the earlier of February 5, 2022 or the issuance of final rule amendments.

Dated:   August 6, 2021

Respectfully submitted,

/s/ J. Michael Connolly
J. Michael Connolly
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
mike@consovoymccarthy.com
703-243-9423 (phone)

*Counsel for Plaintiff*

/s/ Thomas J. Karr
Thomas J. Karr
Assistant General Counsel
Securities and Exchange Commission
Office of the General Counsel
100 F Street NE
Washington, DC  20549
KarrT@sec.gov
202-551-5163 (phone)
202-772-9263 (fax)

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2021, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system, thereby effecting service on counsel for plaintiff Jordan A. Thomas.

                                             /s/ Thomas J. Karr
                                             THOMAS J. KARR
                                             Assistant General Counsel
                                             Office of the General Counsel
                                             Securities and Exchange Commission

Dated: August 6, 2021